IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Curtis Whisby, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| -vs- | ) | No. 12-cv-_____ |
| | ) | |
| Thomas Dart, Sheriff of Cook County, and Cook County, Illinois | ) | *(Jury Demand)* |
| | ) | |
| *Defendants.* | ) | |

# COMPLAINT

Plaintiff, by his attorneys Neil L. Toppel and Kenneth N. Flaxman, alleges as follows:

1. This is a civil action arising under Section 202 of the Americans with Disabilities Act, 42 U.S.C. §12132, Section 504 of the Rehabilitation Act, 29 U.S.C. §794(a), and 42 U.S.C. §1983. The jurisdiction of this Court is conferred by 28 U.S.C. §12133, 29 U.S.C. §794a(a)(2), and 28 U.S.C. §1343.

2. Plaintiff Curtis Whisby, an amputee, is a disabled resident of the Northern District of Illinois who is missing large portions of his right foot, including all of his toes. Plaintiff, who is able to walk by using crutches and a brace on his right foot, is not currently confined in any jail or prison.

3. Defendant Thomas Dart is Sheriff of Cook County; plaintiff sues Dart individually and in his official capacity.

4. Defendant Cook County is joined in this action pursuant to *Carver v. Sheriff of LaSalle County*, 324 F. 3d 947 (7th Cir. 2003).

5. Plaintiff was a pre-trial detainee at the Cook County Jail from on or about July 29, 2012 until the criminal charges against him were dismissed on or about August 15, 2012.

6. Plaintiff entered the jail with the crutches and leg brace he requires to engage in the everyday activity of walking.

7. In the course of being processed into the Jail, plaintiff informed intake procedure of his disability. Medical personnel employed by defendant Cook County examined plaintiff and verified that he was missing large portions of his right foot, including all of his toes, and that he required his crutches and leg brace in order to walk.

8. In accordance with the official policies of defendant Dart, a correctional officer made the final decision of whether plaintiff would be held in a first floor housing unit or assigned to a housing unit which required him to walk up and down stairs.

9. In 2011, defendant Dart learned through a case known as *Phipps v. Sheriff of Cook County*, 07-cv-3889, that the correctional officers in charge of determining housing assignments for wheelchair bound detainees did not considering whether the particular housing assignment provided a reasonable accommodation for the detainee's disability. Dart adopted a revised policy for assignments of wheelchair bound detainees in response to the *Phipps* litigation; Dart failed to adopt an assignment policy for persons, like plaintiff, who could not

safely walk up and down stairs and who required assignment to a first floor housing unit.

10. As a direct and proximate result of Dart's deliberate indifference and refusal to adopt a housing policy for persons, like plaintiff, whose disability required assignment to a first floor housing unit, plaintiff was assigned to the second and then to a third floor housing unit at the jail.

11. As a consequence of being assigned to a second floor housing unit, plaintiff was required to ascend and descend flights of stairs several times a day in order to take part in jail programs, such as obtaining clean clothing, meals, and medicine all of which were distributed on the first floor.

12. Plaintiff was unable to ascend and descend flights of stairs with his crutches and brace without experiencing difficulty, fatigue, pain, and fear of falling and receiving serious personal injury.

13. Over the course of several days, plaintiff made repeated oral complaints to correctional officers about his placement on the second floor.

14. Following these complaints, on or about August 1, 2012, a correctional officer whose name is presently unknown to plaintiff reassigned plaintiff to a third floor housing unit.

15. In response to this repeated failure to accommodate his disability, plaintiff on or about August 1, 2012, submitted a written grievance complaining about his placement on the third floor. Plaintiff stated in this grievance that he

"cannot get up and down the stairs to receive food and/or attend to [his] medical needs."

16. On or about August 3, 2012, Plaintiff submitted a written "Health Service Request Form," pointing out that he was a person with a disability and requesting the he be reassigned to "a proper facility for disabled persons."

17. In accordance with a widespread practice at the Cook County Jail, prompt action was not taken either on his written grievance or his health service request form.

18. Rather than "run the gauntlet" that the flights of stairs posed, on several occasions, plaintiff skipped clean change of clothes, meals, and medicine which were distributed on the first floor. Plaintiff was thereby denied access to programs and services on account of his disability.

19. On August 9, 2012, Plaintiff received serious personal injuries when he fell down a flight of stairs while walking, with his crutches and brace, from his third floor housing unit to the ground floor where he intended to take part in the program or service of obtaining clean clothing. These injuries included blunt head trauma, loss of consciousness, abrasions, neck, shoulder, head, lower back, and tailbone pain and required in-patient treatment at Stroger Hospital and Cermak Health Services of Cook County.

20. As a result of the foregoing, plaintiff was deprived of rights secured by the Fourteenth Amendment to the Constitution of the United States, and was

unlawfully discriminated against in violation of § 202 of the Americans with Disabilities Act of 1990(ADA) and § 504 of the Rehabilitation Act of 1973.

21. Plaintiff hereby demands trial by jury.

WHEREFORE, the Plaintiff requests that Judgment be entered in his favor in an amount in excess of one hundred thousand dollars, plus attorney fees and costs, against the Defendants.

/s/ Neil L. Toppel
The Law Offices of Neil L. Toppel
ARDC No. 6270744
200 South Michigan Ave Ste 1240
Chicago, Illinois 60604
(312) 663-9500

Kenneth N. Flaxman
200 South Michigan Ave Ste 1240
Chicago, Illinois 60604
(312) 427-3200

*Attorneys for Plaintiff*